In the Matter of BURTON RUDNICK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 2, 1992

### APPEARANCES OF COUNSEL

*Robert H. Straus (Mark F. DeWan* of counsel), for petitioner.

*Jerome Karp* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the Bar on May 17, 1934,

under the name Burton G. Rudnick. In this proceeding, the respondent was charged with two allegations of professional misconduct. The Special Referee sustained only Charge One. The petitioner moves to confirm so much of the report of the Special Referee as sustained Charge One and to disaffirm the report insofar as it failed to sustain Charge Two. The petitioner also seeks an order sealing the petitioner's Exhibit One, a collective exhibit of 15 Polaroid photographs depicting the respondent and the complainant engaged in various sexual poses and situations. The respondent cross-moves to confirm so much of the Special Referee's report as found that Charge Two was not sustained and to disaffirm so much of the report as sustained Charge One.

Charge One alleged that the respondent abused his position as the complainant's retained counsel and coerced her into having sexual intercourse with him. The sexual relationship between the respondent and the complainant continued from July 1983 until February 1986. The respondent represented the complainant in a matrimonial action between February 1983 and April 1986. The respondent failed to advise the complainant that his personal interest as her sexual partner conflicted with his professional responsibility as her attorney and that by maintaining a sexual relationship with her he became a potential witness against her in the matrimonial action.

Charge Two alleged that the respondent allowed his professional judgment to become impaired by his own financial, business, property, or personal interest such that he intentionally damaged the complainant during the course of their professional relationship. The respondent abused his position as the complainant's attorney by threatening to abandon his representation of her if she refused to continue their relationship. In consequence of his sexual relationship with the complainant, the respondent inflicted emotional damage upon her and prejudiced her legal rights.

After reviewing all of the evidence adduced at the hearing, we find sufficient evidence to sustain both charges of misconduct against the respondent. We note that the complainant underwent therapy for a year and a half as a result of this incident. Although the complainant continued the relationship for approximately 2½ years, she did so in light of the respondent's threats that he could abandon her case and that she could lose custody of her son if she terminated the relation-

ship. This caused the complainant emotional distress at a time when she was already under intense pressure.

During this interval, the mortgage on the complainant's home was in danger of foreclosure. Notwithstanding the respondent's assurance that he had spoken with the mortgagee and procured a temporary postponement, the respondent failed to do so. Foreclosure was averted only after the complainant obtained a new attorney and her husband agreed to pay arrears.

The respondent chose the date of a scheduled court hearing to inform the complainant that he would no longer serve as her attorney. In the presence of her husband's counsel, the complainant expressed her consternation at being left without counsel at that stage of proceedings and she explained that the respondent was requesting to be relieved as her attorney because their relationship had gone beyond that of attorney-client.

Under the circumstances, we find the respondent guilty of the misconduct charged. Accordingly, the petitioner's motion to confirm the report of the Special Referee to the extent that it sustained Charge One and to disaffirm the report to the extent that it failed to sustain Charge Two is granted. The petitioner's motion to seal petitioner's Exhibit One is also granted. The respondent's cross motion is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration that the petitioner issued a Letter of Reprimand to the respondent on or about April 11, 1986, in consequence of the respondent having coerced a client to have sexual contact with him at his law office in March 1979. Accordingly, the respondent is suspended from the practice of law for a period of two years, commencing April 2, 1992, and continuing until the further order of this court.

BRACKEN, J. P., SULLIVAN, HARWOOD, LAWRENCE and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm so much of the report of the Special Referee as sustained Charge One and to disaffirm so much of the report as failed to sustain Charge Two is granted and the respondent's cross motion is denied; and it is further,

Ordered that the respondent Burton Rudnick is suspended from the practice of law for a period of two years, commencing April 2, 1992, and continuing until the further order of this

court, with leave for the respondent to apply for reinstatement after the expiration of the two-year period upon furnishing satisfactory proof (a) that during the two-year period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Burton Rudnick is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the petitioner's motion to seal Petitioner's Exhibit One is granted.