[660 NYS2d 426]

In the Matter of BENEDICT F. ROMANO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 17, 1997

#### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Jerome Karp, P. C.,* for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent, Benedict F. Romano, was admitted to the practice of law in the State of New York by the Second Judicial Department on March 13, 1968. At all times relevant to this

proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated May 1, 1997, the Departmental Disciplinary Committee (DDC) is seeking an order pursuant to 22 NYCRR 603.4 (d) and (e) (1) (ii) and (iii) immediately suspending respondent from the practice of law until further order of the Court based upon respondent's substantial admissions under oath that he has committed acts of professional misconduct and upon other uncontested evidence of professional misconduct.

Ms. A. had retained respondent in April of 1993 to represent her in a workers' compensation proceeding relating to an injury to her back. During their initial consultation, respondent conducted an intimate physical examination of the client. After giving her a hospital gown and asking her to completely disrobe, he proceeded to examine her breasts, touch her bare back, lower back, buttocks and pelvic area. Respondent also directed Ms. A. to lie on his desk on her back while he raised and lowered her legs to, ostensibly, check her range of motion. After recounting the incident to her mother, Ms. A. filed a complaint against respondent with the Police Department. She was emotionally disturbed by the incident and, as a result, needed psychiatric therapy and antidepressant medication.

As part of the investigation, respondent appeared at the DDC for a deposition in April of 1995, and thereafter was served with charges alleging that, by conducting the physical examination of Ms. A., respondent had engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3).

Both at the deposition and subsequent hearings before the Hearing Panel, respondent acknowledged having conducted a physical examination of Ms. A., as well as other clients, but denied that he was "playing doctor" or that he ever did anything improper. He maintained that he was simply being a scrupulously thorough attorney dedicated to the interests of his clients and that the physical examination of a client is essential for an attorney to assess the merits of a particular case and to prepare a case and the client for trial.

On December 30, 1996, the Hearing Panel issued a report and recommendation sustaining the charge against respondent and recommending that respondent be suspended for two years and only be readmitted subject to a psychological report as to his fitness to practice law because his conduct raised a significant issue as to his psychological health.

Shortly after the Hearing Panel issued its report, the Committee received a letter from the Manhattan District Attorney regarding a complaint it received against respondent from another of his female clients, Ms. D. According to Ms. D., respondent had directed her to disrobe partially and then took photographs while improperly touching her bare body, insisting that such photographs were necessary to prove her case. These acts occurred only months after respondent had testified that he would no longer engage in such conduct.

In light of this new complaint, the DDC sent three letters to the Hearing Panel requesting that the hearing be reopened to present evidence about the Ms. D. matter. In late March of 1997, the Hearing Panel Chair denied the request and the Committee is now in the process of filing formal charges of misconduct against respondent in the Ms. D. matter.

The Departmental Disciplinary Committee now moves for respondent's immediate suspension. Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of disciplinary charges against him upon finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(ii) a substantial admission under oath that the attorney had committed an act or acts of professional misconduct, or

"(iii) other uncontested evidence of professional misconduct." (22 NYCRR 603.4 [e] [1].)

In addition, this Court may discipline an attorney on the basis of the record of hearings before the DDC in the course of disciplinary proceedings against him (see, 22 NYCRR 603.4 [d]).

Regardless of whether an attorney may appropriately examine his clients in some situations, the DDC has amply demonstrated, by respondent's own admissions, that the physical examination conducted here crossed the line from appropriate conduct to professional misconduct. Further, even if respondent's motives were entirely sincere, his admitted inability to comprehend the problem with his actions establishes that he poses an immediate threat to the public interest.

The statements respondent made during his testimony before the Hearing Panel and at the deposition constitute "substantial admission[s] under oath" of professional misconduct immediately threatening the public interest. Further, the Hearing Panel's determination that respondent's actions constituted conduct adversely affecting his fitness to practice law, in

violation of DR 1-102 (A) (8), constitutes uncontested evidence of professional misconduct (see, 22 NYCRR 603.4 [e] [1] [iii]. Finally, respondent's lack of fitness to practice law and his danger to the public is further established by his refusal to acknowledge any impropriety in his actions.

Accordingly, the Committee's petition for an order pursuant to 22 NYCRR 603.4 (d) and (e) (1) (ii) and (iii) temporarily suspending respondent from the practice of law is granted.

ELLERIN, J. P., WALLACH, NARDELLI, RUBIN and MAZZARELLI, JJ., concur.

Application granted, and respondent suspended from the practice of law, effective immediately, and until the further order of this Court.