[675 NYS2d 610]

In the Matter of BENEDICT F. ROMANO, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 23, 1998

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Jerome Karp* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Benedict F. Romano, was admitted to practice as an attorney and counselor-at-law in the State of New York by the Appellate Division of the Supreme Court, Second Department, on March 13, 1968. At all times hereinafter rele-

vant, respondent maintained an office for the practice of law within the First Judicial Department.

In September 1994, the petitioner Disciplinary Committee received a complaint against respondent from B, a former female client, who alleged that respondent, after being retained by her to represent her in a workers' compensation action, directed her to disrobe in his office. Respondent unbuttoned his client's bra, observed her breasts, touched her bare back, lower back, buttocks and pelvic area. Respondent also directed B to bend over his desk while he touched her lower back and directed her to lie on his desk on her back while he raised her legs.

Respondent was deposed by the Committee in April 1995 during the course of its investigation, and thereafter a Hearing Panel, which had held hearings on the matter, sustained the charge against respondent in a report and referred the matter to this Court with the recommendation that respondent be suspended from the practice of law for a period of two years.

However, in January 1997, after the Hearing Panel had issued its report, the petitioner received a new complaint that respondent, on or about November 25, 1996, had improperly touched Y, another female client. This occurred only months after respondent testified under oath before the Hearing Panel that he no longer examined female clients.

Thereafter, in a motion to this Court, the Committee moved for an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) immediately suspending respondent from the practice of law based upon his admissions under oath that he had committed acts of professional misconduct, and upon other uncontested evidence of professional misconduct as reflected by the findings of the Hearing Panel, pending the consideration of the additional charges against respondent by a Committee Hearing Panel. In an order dated July 17, 1997 (231 AD2d 299), this Court granted the Committee's motion to immediately suspend respondent from the practice of law pending the consideration of the additional charges.

After further hearings, a Hearing Panel issued a unanimous report and recommendation sustaining a charge that alleged that respondent engaged in conduct reflecting adversely on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3). The Panel found that in the second incident, respondent took photographs of Y while she was undressed and directed her to pull her bra down. Respondent took photos of her from the front, back and

side. The Hearing Panel found that respondent touched Y's shoulder, neck and back with his hands and rubbed the mark left by the bra repeatedly asking her if she felt pain in those areas. Respondent then asked Y to remove her pants so he could photograph her lower body. Respondent also lowered Y's underwear so he could take another photograph. Respondent also asked Y to sit, while undressed, as he sat facing her, his knees and legs touching hers. Respondent then touched her upper thigh with his fingers where she had a scar. Y testified not only that she felt very uncomfortable while respondent's hand moved up her thigh, but at one point shouted when he put his fingers against her leg.

A third physical examination by respondent was considered by the Hearing Panel in aggravation. This incident was described in a transcript of respondent's criminal trial, which included the testimony of F, another of respondent's female clients, where respondent performed a physical examination directing the client to undress to her stockings and underwear.

In *Florida Bar v Samaha* (557 So 2d 1349 [Fla]), the court suspended an attorney for one year for inducing a client into partially disrobing and permitting him to touch and photograph her allegedly for the purpose of preparing the case. In *Matter of Rudnick* (177 AD2d 121), the Second Department suspended an attorney for two years for threatening to abandon his client's child custody battle if she refused to continue their sexual relationship. In this case, respondent engaged in a pattern of improper conduct with at least three female clients, performing physical examinations of these clients in his office. We note that the Panel's report cites the repetitive and disturbing nature of respondent's misconduct and respondent's apparent inability to control this misconduct. Respondent's misconduct involved three female clients in three separate incidents. Unlike *Rudnick*, respondent had no personal relationship with his clients. Moreover, respondent continued his improper conduct after having been found guilty of such actions by a Committee Hearing Panel, which recommended a sanction for such behavior.

We agree with the Hearing Panel's recommendation that respondent's conduct is "so beyond the norm and so apparently uncontrollable" that disbarment is the only appropriate sanction. We also agree with the Panel's recommendation that respondent's readmission to the Bar, if any, be conditioned upon his submission of psychological evidence of his fitness at that time to practice law. Accordingly, respondent's cross mo-

tion to disaffirm the report and recommendations of the Hearing Panel is denied and petitioner's motion for an order confirming the report and recommendation that respondent be disbarred is granted. Respondent's name is ordered stricken from the roster of attorneys, effective immediately.

ELLERIN, J. P., NARDELLI, WALLACH, RUBIN and MAZZARELLI, JJ., concur.

Motion to confirm the report and recommendation of the Hearing Panel to disbar respondent is granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective July 23, 1998. Respondent's cross motion to, *inter alia,* disaffirm the reports, is denied.