[841 NYS2d 879]

In the Matter of Steven C. Cunningham (Admitted as Steven Christie Cunningham), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 4, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Steven C. Cunningham*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on January 10, 2000.

On December 13, 2005, respondent pleaded guilty in New Jersey of attempted endangering the welfare of a child in the third degree in violation of New Jersey Statutes Annotated 2C:5-1 and 2C:24-4 (a). Respondent's crime involved three conversations between respondent and someone he believed to be a minor child, two of which included inappropriate sexual content. Based upon this conduct, he was sentenced to parole supervision for life, a $100 fine and was required to register pursuant to Megan's Law and on March 27, 2007 he was permanently disbarred by the New Jersey Supreme Court (*In re Cunningham*, 192 NJ 219, 927 A2d 1248 [2007]).

The Departmental Disciplinary Committee asks this Court for an order, pursuant to Rules of this Court (22 NYCRR) § 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys.

In his affidavit of resignation, dated June 15, 2007, respondent acknowledges that based upon his guilty plea, and the pending disciplinary investigation against him, if charges were brought based upon the misconduct he could not successfully defend himself on the merits against such charges. He states that his resignation is freely and voluntarily rendered, and is given free from coercion or duress, and that he is fully aware of the implications of submitting his resignation. He states that prior to his guilty plea, he discontinued his law practice and began working in a position that did not engage in the practice of law.

As respondent's affidavit of resignation fully complies with the requirements of Rules of this Court (22 NYCRR) § 603.11 (a), the Committee's motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York.

FRIEDMAN, J.P., GONZALEZ, CATTERSON, MALONE and KAVANAGH, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 15, 2007.