Matter of Schneider (2022 NY Slip Op 07299)

Matter of Schneider

2022 NY Slip Op 07299

Decided on December 22, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Dianne T. Renwick
Sallie Manzanet-Daniels
Barbara R. Kapnick
Angela M. Mazzarelli, JJ.

Motion No. 2022-04293 Case No. 2022-01848 

[*1]In the Matter of Kenneth Schneider, A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Kenneth Schneider, (OCA ATTY. REG. NO. 2536209.) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 26, 1993.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Kenneth Schneider was admitted to the practice of law in the State of New York by the First Judicial Department on April 26, 1993.
By joint motion, the Attorney Grievance Committee (AGC) and respondent ask this Court, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5), to disbar him from the practice of law, nunc pro tunc to July 3, 2012 (the date of his immediate suspension), based upon the consent of the parties.
The parties' submission conforms to the procedural requirements for a joint motion for the imposition of discipline (22 NYCRR 1240.8[a][5][i]-[iii]) and should be granted. The parties stipulate to the following facts.
On October 1, 2010, respondent was convicted, after a jury trial, in the United States District Court for the Eastern District of Pennsylvania with traveling in foreign commerce for the purpose of engaging in sex with a minor in violation of 18 USC § 2423(b) (count 1), and transporting a person in foreign commerce for the purpose of engaging in criminal sexual acts in violation of 18 USC § 2421 (count 2), both felonies. The District Court vacated respondent's conviction with respect to count 2 (United States v Schneider, 817 F Supp 2d 586 [ED Pa 2011], affd 801 F3d 186 [3d Cir 2015], cert denied 577 US 1143 [2016]).
On December 1, 2011, respondent was sentenced to, inter alia, 180 months (15 years) in prison, three years of supervised release, fined $20,000, ordered to pay restitution to the victim in the amount of $35,000, and directed to register as a sex offender. According to the AGC, the $20,000 fine was later vacated by the District Court.
By order of July 3, 2012, this Court deemed the crime of which respondent was convicted to be a "serious crime," immediately suspended him from the practice of law, and directed him to show cause before a Hearing Panel, within 90 days from his releasefrom prison, why a final order of censure, suspension, or disbarment should not be made (Judiciary Law § 90[4] and 22 NYCRR 603.12).
In April 2022, the AGC moved pursuant to CPLR 2221(a) for an order modifying this Court's July 3, 2012 order insofar as directing the sanction hearing based upon his "serious crime" be held before a referee rather than a Hearing Panel in light of the change in the Court's rules (22 NYCRR 1240.12[c][2]). Respondent did not oppose the motion and his counsel advised that since respondent was released from federal prison on January 19, 2022 he has "been fully engaged in reintegrating himself back into society, including focusing on this pending disciplinary matter."
By order entered May 31, 2022, this Court granted the motion and appointed a referee to conduct a hearing on the appropriate sanction to impose. As set forth in his affidavit accompanying this motion, "[o]nly for the purpose of supporting the joint motion as provided in 22 NYCRR [*2]1240.8(a)(5)," respondent conditionally admits the facts set forth in the stipulation of facts section and that his
misconduct "constitutes a violation of the New York Rules of Professional Conduct as set forth in the 'Respondent's Conditional Admissions' section." The aforementioned conditional admissions section refers to respondent's conviction and sentence, that the conviction constitutes a "serious crime" and that "his conviction violated the Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4(b) [engaging in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer, and 8.4(h) [conduct that adversely reflects on the lawyer's fitness as a lawyer]." While the stipulation of facts and conditional admissions are bare bones, a detailed recitation of the facts underlying respondent's 2010 conviction can be gleaned from the federal court opinions (United States v Schneider, 852 Fed Appx 690 [3rd Cir 2021]; United States v Schneider, 817 F Supp 2d at 586).
In mitigation is the fact that respondent has no prior disciplinary history and his misconduct was not related to the practice of law. In aggravation, respondent's criminal conviction consisted of acts committed for the purpose of engaging in sex with a minor, which resulted in him registering as a sex offender. The parties agree that the appropriate sanction herein is disbarment, nunc pro tunc to July 3, 2012, the date respondent was immediately suspended by this Court, and until further order of the Court. In granting the instant motion for discipline by consent, we find that disbarment is supported by similar case law (Matter of Zeas, 178 AD3d 66 [1st Dept 2019]; Matter of DeSear, 124 AD3d 139 [1st Dept 2014]; Matter of Cunningham, 46 AD3d 43 [1st Dept 2007]; Matter of Singer, 290 AD2d 197 [1st Dept 2002]; Matter of Romano, 246 AD2d 152 [1st Dept 1998]; Matter of Harlow, 280 AD2d 870 [3rd Dept 2001]). 
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 3, 2012, or for the term of his supervised release, whichever is longer, and until further order of the Court.
All Concur.
IT IS ORDERED that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8 (a) (5) is granted, and respondent Kenneth Schneider is disbarred from the practice of law in the State of New York, effective nunc pro tunc to July 3, 2012, and his name is stricken from the roll of attorneys and counselors-at-law; and
IT IS FURTHER ORDERED that, effective immediately, pursuant to Judiciary Law § 90, respondent Kenneth Schneider is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public [*3]authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that respondent Kenneth Schneider shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
IT IS FURTHER ORDERED that if the respondent Kenneth Schneider has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: December 22, 2022