[986 NYS2d 135]

In the Matter of MICHAEL JOHN MEENAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 26, 2014

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

*Michael J. Meenan*, named herein as *Michael John Meenan*, Manorville, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated January 12, 2010, containing six charges of professional misconduct. After a hearing, the Special Referee sustained charges one, two, three and five, but declined to sustain charges four and six. The Grievance Committee now moves to confirm in part, and disaffirm in part, the Special Referee's report, and to impose such discipline as this Court deems just and proper. The respondent has not submitted opposing papers.

Charge one alleges that the respondent neglected a client's legal matter, in violation of former Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). In or about June 2006, Tracy Wood-Selem retained the respondent to handle an immigration appeal on behalf of her fiancé, Freddy Carrera, who was being detained for deportation. The respondent was paid $7,500 as a retainer fee. The respondent filed a notice of entry of appearance as attorney and a notice of appeal before the Board of Immigration Appeals. Thereafter, the respondent failed to submit a brief on Mr. Carrera's behalf. Mr. Carrera was removed from the United States without a brief having been filed on his behalf.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as an attorney, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge one.

Charge three alleges that the respondent neglected a client's legal matter, in violation of former Code of Professional

Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). In or about January 2005, the respondent was retained to represent Marvin Osorio with regard to an appeal from a judgment convicting Osorio of murder in the second degree. The respondent was paid $15,000 toward his $25,000 retainer fee. The respondent did not file a notice of appearance, and failed to file an appellate brief on behalf of Osorio or otherwise perfect the appeal. On or about November 16, 2006, the Nassau County District Attorney's Office filed a motion to dismiss Osorio's appeal as abandoned. Osorio ultimately retained other counsel to perfect the appeal.

Charge four alleges that the respondent engaged in conduct that adversely reflects on his fitness as an attorney, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge three.

Charge five alleges that the respondent withdrew from employment in a proceeding without permission of the tribunal, in violation of former Code of Professional Responsibility DR 2-110 (a) (1) (22 NYCRR 1200.15 [a] [1]). In 2004, the respondent was retained to represent Maria S. Cruz in connection with an immigration matter. In or about December 2005, Cruz's application to cancel her removal was denied. In or about January 2006, Cruz retained the respondent to handle the appeal from the order denying her application to cancel her removal. In or about January 2006, the respondent filed a notice of appearance as attorney and a notice of appeal before the Board of Immigration Appeals. In or about July 2006, the respondent stopped working on Cruz's case due to her nonpayment of legal fees. The respondent failed to file a motion to withdraw as counsel with the Board of Immigration Appeals or otherwise seek permission to withdraw as counsel.

Charge six alleges that the respondent engaged in conduct that adversely reflects on his fitness as an attorney, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge five.

In view of the respondent's admissions and the evidence adduced at the hearing, we conclude that the Special Referee properly sustained charges one, two, three and five. Additionally, we find that charges four and six should have been sustained. Contrary to the Special Referee's determination, charges four and six were not "subsumed in charge two,"

inasmuch as they were premised upon the discrete misconduct set forth in charges three and five, respectively. Accordingly, the Grievance Committee's motion to confirm in part, and disaffirm in part, the Special Referee's report, is granted, and all six charges are sustained.

In determining an appropriate measure of discipline to impose, we have considered the extensive mitigation proffered by the respondent, including evidence of his good character, his testimony that he was experiencing personal, family, and professional problems during the period in question, and his stated remorse. Additionally, it appears that all retainer fees were ultimately returned to the complainants. However, we have also considered the respondent's prior disciplinary history, which consists of one letter of admonition and one letter of caution. Notably, both instances of committee-level discipline arose from the respondent's neglect of client matters.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of six months.

Eng, P.J., Mastro, Rivera, Dillon and Dickerson, JJ., concur.

Ordered that the petitioner's motion to confirm in part, and disaffirm in part, the Special Referee's report is granted; and it is further,

Ordered that the respondent, Michael John Meenan, is suspended from the practice of law for a period of six months, commencing April 25, 2014, and continuing until further order of this Court, with leave to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (4), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Michael John Meenan, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commis-

sion, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael John Meenan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).