10-90003-am
In re Tustaniwsky

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2013
(Decided: July 9, 2014)

Docket No. 10-90003-am

_____

In re Oleh R. Tustaniwsky,

*Attorney*.

_____

Before:          Cabranes, Sack, and Wesley, *Circuit Judges*.

_____

This Court's Committee on Admissions and Grievances has recommended that Oleh R. Tustaniwsky, an attorney admitted to the bar of this Court, be disciplined for his misconduct in this Court. We adopt the Committee's findings of fact and recommendations, with certain exceptions, publicly reprimand Tustaniwsky, and suspend him from practice before this Court for one year.

_____

For Oleh R. Tustaniwsky:          Oleh R. Tustaniwsky, Esq.
                                   New York, New York

**PER CURIAM:**

Pursuant to this Court's Local Rule 46.2, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the findings and recommendations of this Court's Committee on Admissions and Grievances ("the Committee") are adopted, except as discussed below, and Oleh Tustaniwsky is PUBLICLY REPRIMANDED, and SUSPENDED from practice before this Court for one year, for engaging in misconduct in this Court.

**I. Summary of Proceedings**

We referred Tustaniwsky to the Committee for investigation of his conduct in this Court and preparation of a report on whether he should be subject to disciplinary or other corrective measures. During the Committee's proceedings, Tustaniwsky had the opportunity to address the matters discussed in our referral order and to testify under oath at hearings held before Committee members Eileen M. Blackwood, Evan A. Davis, Michael D. Patrick, and Gerald Walpin. Thereafter, the Committee filed with the Court the record of the Committee's proceedings and its report and recommendations, as well as the concurring report of Committee member Walpin. Tustaniwsky responded to the

Committee's reports.

## A. The Committee's Findings and Recommendations

The Committee found clear and convincing evidence that Tustaniwsky had engaged in misconduct warranting the imposition of discipline. Specifically, the Committee found that Tustaniwsky had: (1) defaulted on scheduling orders in twenty-two cases, with ten of those defaults resulting in orders requiring him to show cause why the cases should not be dismissed based on his defaults; (2) filed substantively deficient briefs in five cases; (3) knowingly filed meritless pleadings; and (4) prejudiced at least two clients whose cases were dismissed as a result of his defaults, and exposed other clients to potential prejudice through his pattern of defaulting on scheduling orders. *See* Committee Report at 5-9; Concurring Report at 1.

The Committee also found several aggravating factors: a lack of remorse, no more than a grudging acknowledgment of wrongdoing, a hostile and disdainful attitude toward the Committee, a pattern of misconduct, and a lack of candor about his failure to respond to certain Court orders. *See* Committee Report at 9-10, 11 and 11 n.10. It found one mitigating factor: some of Tustaniwsky's misconduct resulted from instructions he received from his

employers.  *See id.* at 10.  The Committee recommended that Tustaniwsky be suspended from practice before this Court for one year, and that, as a condition of readmission, he be required to complete at least six hours of continuing legal education ("CLE") in appellate immigration law and four hours of CLE in professional ethics.  *Id.* at 12.[1]

### B.    Tustaniwsky's Response

In his response to the Committee's report, Tustaniwsky, *inter alia*, acknowledged his "mistakes and transgressions in failing to comply with Court-ordered deadlines," stated that he had endeavored to only present viable issues to this Court and to represent his clients to the best of his ability, and conceded that he had "used poor judgment" in filing untimely petitions for review in two cases.  *See* Response at 2-3.  He asserted, however, that the clients in those two cases were not prejudiced because it was only after the deadline had passed that

---

[1] The concurring Committee member agreed with the Committee majority's misconduct findings and its recommendation that Tustaniwsky be suspended for one year, but recommended that the Court find additional aggravating factors and reject the one mitigating factor found by the majority. The concurring Committee member's additional finding that Tustaniwsky demonstrated a lack of candor in a pleading was accepted by the Committee majority, *see* Committee Report at 11 n.10, and is adopted by the Court.  The other additional aggravating factors found by the concurring Committee member, and the disputed mitigating factor, are discussed *infra*.

he was asked to file the late petitions, and he described the measures he has taken to prevent future misconduct. *See id.* at 3. Tustaniwsky did not explicitly challenge the Committee's recommended suspension, but asked this Court to "[c]onsider its discipline in the context of all the cases in which he has represented a client before this Court and take into account the measures he has taken not to repeat the mistakes and transgressions in question." *Id.* at 4.

**II. Discussion**

We give "particular deference" to the factual findings of the Committee members who presided over an attorney disciplinary hearing where those findings are based on demeanor-based credibility determinations, and somewhat lesser deference to credibility findings based on an analysis of a witness's testimony. *See In re Payne*, 707 F.3d 195, 201-02 (2d Cir. 2013). Upon due consideration of the Committee's majority and concurring reports, the underlying record, and Tustaniwsky's response, we adopt the findings and recommendations that were agreed upon by the majority and concurring Committee members. We limit our discussion to the major points of disagreement among the Committee members and to the deficient briefing issue.

**A. Possible Misrepresentation to Court and Committee**

5

The concurring Committee member recommended that the Court find that Tustaniwsky knowingly misrepresented his reason for requesting an extension of time in *Chen v. Mukasey*, 08-0516, while the Committee majority found Tustaniwsky's proffered reason to be plausible and likely not pretextual. We conclude that the totality of the evidence supports the Committee majority's findings on this point.

Tustaniwsky's request for an extension in *Chen* was based on his asserted inability to obtain a complete transcript of an immigration court proceeding. In concluding that Tustaniwsky's asserted basis for the extension request was not credible, the concurring Committee member argued that a diligent, proactive attorney would have pursued various remedies to obtain the missing portions of that transcript and, in any event, would have determined that the transcript was not necessary for the issues he wished to present in this Court. However, in their discussion of Tustaniwsky's conduct in many other cases in this Court, the majority and concurring Committee members made clear that Tustaniwsky often was not diligent or proactive, leading us to conclude that, in *Chen*, it is just as likely that Tustaniwsky did believe, based on a superficial review of the case, that the incomplete transcript provided a legitimate basis for an extension of time.

Under the circumstances, we accept the Committee majority's finding that there was insufficient evidence that Tustaniwsky had made an intentional misrepresentation to the Court and Committee.

### B. Defaults Resulting from Client's Failure to Pay Attorney's Fees

We agree with the concurring Committee member that Tustaniwsky improperly permitted cases to be defaulted based on the clients' failure to pay attorney's fees. In situations where an attorney does not wish to proceed with a case due to non-payment of fees or any other issue with a client, the attorney may, *inter alia*, request leave to withdraw from the case, or request a stay of proceedings pending resolution of the issue. *See, e.g.,* ABA, *Model Rules of Professional Conduct*, Rules 1.16(b)(5), (c), (d) (2013) (permitting a lawyer to withdraw from representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services," provided the lawyer complies with the tribunal's rules and "take[s] steps to the extent reasonably practicable to protect [the] client's interests").

But "deliberately failing to take required action because of non-payment of [legal] fees, thereby permitting [the] client's petition to be dismissed[, or put into default], is unacceptable." *Bennett v. Mukasey*, 525 F.3d 222, 223 (2d Cir. 2008)

7

(Newman, J.); *accord In re Meenan*, 117 A.D.3d 42, --- N.Y.S.2d ---- (2ⁿᵈ Dep't 2014) (holding that attorney violated disciplinary rule by stopping work on client's case due to nonpayment of legal fees without seeking the tribunal's leave to withdraw from the representation). This rule applies even if the attorney does not use the possibility of dismissal, default, or other prejudice to the client's case as leverage to obtain payment.

However, Tustaniwsky's culpability for this misconduct is somewhat mitigated, to the extent he engaged in the misconduct only because instructed to do so by his employer. *See In re Hemlock*, 52 A.D.2d 248, 250-51, 383 N.Y.S.2d 600, 602 (1ˢᵗ Dep't 1976) (finding, in mitigation, that junior partner only acted as an "amanuensis" under the direction of a senior partner "who set firm policy, established fees, and directed the other attorneys in their work"). But any such mitigation is minimal in the present case, even if Tustaniwsky reasonably believed that he would be fired if he failed to comply with his employer's instructions. *See* New York Rule of Professional Conduct 5.2(a) ("A lawyer is bound by these Rules notwithstanding that the lawyer acted at the direction of another person"; rule effective as of April 1, 2009)); New York Code of Professional Responsibility, Disciplinary Rule 1-104(E) (essentially identical rule;

8

in effect prior to April 1, 2009). There is no indication that Tustaniwsky, for example, discussed the ethics issue with his employer, resisted his employer's instructions in any way, attempted to mitigate the effect of those instructions, sought advice from anyone, or reported the matter to the Court or any bar authority.[2]

## C. Briefing Deficiencies

Tustaniwsky's testimony and his response to the Committee's reports strongly suggest that he still does not fully understand why the Court and Committee found his briefs in five cases to be substantively deficient. The two most serious deficiencies were (a) his failure to raise dispositive issues in this Court, resulting in the Court finding those issues waived and the appeals

---

[2] The American Bar Association's *Standards for Imposing Lawyer Sanctions* does not address whether being instructed by an employer to engage in improper behavior might constitute a mitigating factor. However, it does state that "agreeing to [a] client's demand for ... improper behavior or result" should not be considered a mitigating or aggravating factor. ABA, *Standards for Imposing Lawyer Sanctions* § 9.4(b) (1986, amended 1992). While the two scenarios are similar, we do not adopt a categorical rule barring an employer's instructions from being treated as a mitigating factor. On the other hand, for purposes of the present case, we need not decide what type or degree of employer pressure or coercion might entitle an attorney to more than minimal mitigation. *Cf. Peters v. Comm. on Grievances for U.S. Dist. Court for S. Dist. Of New York*, 748 F.3d 456, 463 (2d Cir. 2014) (noting aggravating factor of instructing a junior associate to engage in misconduct and then attempting to shift blame to him).

meritless, and (b) his raising of issues in this Court that had not been raised first before the administrative agency, resulting in the Court finding those issues barred, based on that failure to exhaust administrative remedies.

Tustaniwsky's explanation was simple: an exhausted issue would not be raised in this Court if it was not viable, and an unexhausted issue would be raised in this Court if it was viable despite being unexhausted. *See* Response at 1. However, Tustaniwsky did not explain in his appellate briefs *why* he was not raising the issues that, on their face, appeared dispositive of the appeals, or *why* the Court had the authority to consider the unexhausted issues he did present. His apparent belief was that the Court itself should have known the answers to these questions, without the need for his briefs to mention either the questions or the answers. For example, in his hearing testimony, Tustaniwsky stated that the Court should have itself seen that an exception to the exhaustion requirement applied without his having to "use the magic words." Transcript (Exh. B) at 509. In the case then under discussion, Tustaniwsky's brief did not mention that the issue before the Court was unexhausted or that any exception to the exhaustion requirement might apply, let alone present a reasoned argument that the issue should not be barred on that basis. *See Xing Jian Jiang v. Mukasey*, No. 08-3275,

10

brief filed March 12, 2009.

Tustaniwsky's position has been rejected by this Court multiple times. He essentially believes that the Court itself should "'scour the record, research any legal theory that comes to mind, and serve generally as an advocate for appellant.'" *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002) (quoting *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999)). But, as we held in *Sioson*, that is not the Court's role, particularly in a counseled appeal. *Id.* Federal Rule of Appellate Procedure 28(a) required Tustaniwsky to present each of the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). The substantial risk he ran by not clearly and explicitly presenting each relevant argument, with appropriate citations, should have been known to him at the time he filed those briefs, since this Court has repeatedly made clear that "'[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.'" *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005) (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)). While the Court may have had authority to address some or all of Tustaniwsky's waived arguments, in order to

avoid manifest injustice, *see LNC Invs., Inc. v. Nat'l Westminster Bank*, 308 F.3d 169, 176 n. 8 (2d Cir. 2002), no reasonable attorney would rely on that mere possibility.

Tustaniwsky's failure to properly set forth his arguments for why the Court should grant relief was not a mere inconvenience to the Court.  It was a serious disservice to his clients, whose claims for relief were not even considered by the Court due to Tustaniwsky's failure to properly present them.  In a similar context, where a client's claims for relief were not considered due to a default dismissal, this Court held that

> the dismissal of a case on default without the client's consent, even if the case appears to lack merit, causes prejudice by depriving the client of review by a panel of Article III judges.  Litigants who face deportation, incarceration, or simply a financial loss if they lose on appeal are likely to derive at least some satisfaction, consolation, or sense of finality from knowing that the loss on appeal resulted from the reasoned decision of three judges rather than from their attorneys' default.

*In re Fengling Liu*, 664 F.3d 367, 373 (2d Cir. 2011).  In the present proceeding, Tustaniwsky himself has asserted that the issues he raised, or thought he had raised, in his appellate briefs were viable, making clear that his clients were prejudiced when those issues were never reached by the Court.[3]

---

[3] Tustaniwsky's speculation that some of his defaults may have been caused by Clerk's Office error – *i.e.*, that the Clerk's Office may have mailed certain orders to an incorrect address – was treated as an aggravating factor in

## III. Imposition of Suspension and Other Corrective Measures

Despite disagreements on several points, the Committee's majority and concurring members all agreed that Tustaniwsky's misconduct in this Court warranted a one year suspension from this Court's bar. We agree. A one-year suspension is warranted by the aggravating factors in this case, particularly Tustaniwsky's lack of remorse, his grudging and only partial acknowledgment of wrongdoing, and his hostile and disdainful attitude toward the Committee. It is therefore ORDERED that Tustaniwsky is publicly reprimanded and suspended from practice before this Court for one year. It is further ORDERED as follows:

(a) The suspension period will commence twenty-eight days from the date of this decision. Tustaniwsky may file any briefs that currently have filing deadlines falling within the next twenty-eight days, and may see through to completion any case in this Court in which his brief has been filed by the end of that twenty-eight day period. However, any panel presiding over a case in which Tustaniwsky is representing a party is free to reconsider his continued representation.

(b) With respect to all of his other pending cases in this Court, Tustaniwsky must, within twenty-eight days: (i) inform his clients that, due to his suspension, they must obtain new counsel or proceed *pro se*, (ii) turn over all client files and materials to those clients, to the extent required by applicable laws and rules, (iii) cooperate in all

---

the concurring Committee report. *See* Concurring Report at 11. We decline to reach any conclusion on this point, as the record is not sufficiently developed regarding Tustaniwsky's basis for his assertion.

other respects with his clients' efforts to prosecute their cases, and (iv) move to withdraw in each case and, if appropriate, move for an extension of time to enable new counsel, or the client, to prepare for, and prosecute, the appeal.

The Clerk of Court is directed to release this decision to the public by posting it on this Court's web site and providing copies to the public in the same manner as all other published decisions of this Court, and to serve a copy on Tustaniwsky, this Court's Committee on Admissions and Grievances, the attorney disciplinary committee for the New York State Appellate Division, First Department, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[4]

---

[4] The Committee's reports are to be available to the public. Additionally, counsel to this panel is authorized to provide, upon request, all other documents from the record of this proceeding to other attorney disciplinary authorities. While we request that those other documents remain confidential to the extent circumstances allow, we of course leave to the discretion of those disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.

A supplemental order issued this date discusses Tustaniwsky's CLE requirements and readmission to this Court's bar after his suspension period.