23-90006-am
In re Rusk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-four.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> MYRNA PÉREZ,
>     *Circuit Judges.*

───────────────────────────────

IN RE GEORGE ADRIAN RUSK,                                      23-90006-am

                            *Attorney.*                       ORDER OF
                                                              GRIEVANCE PANEL

───────────────────────────────

FOR ATTORNEY:                                  GEORGE ADRIAN RUSK,
                                               Snyder, New York

A panel of this Court ordered George Adrian Rusk to show cause why disciplinary or other corrective measures should not be imposed on him based on his conduct in *Gayle v. Harry's Nurses Registry*, No. 21-1463 (2d Cir. dismissed Mar. 16, 2022). For the following reasons, Rusk is publicly reprimanded for his conduct in that appeal.

## I. Second Circuit Proceedings in *Gayle v. Harry's Nurses Registry*

In *Gayle*, Rusk represented the defendants-appellants in their appeal from the District Court's post-judgment order denying their motion to reopen the case. Rusk's appellate brief, however, primarily addressed issues predating the District Court's entry of judgment in the action.[1]

Upon motion of the plaintiffs-appellees, a motions panel dismissed the appeal.[2] The panel concluded: (a) to the extent Rusk challenged judgments that had been entered many years before the filing of his notice of appeal, this Court lacked jurisdiction; and (b) to the extent Rusk challenged the District Court's order denying the motion to reopen, he had "pursued a frivolous appeal and presented clearly meritless arguments to this Court."[3] Regarding the frivolousness determination, the panel held that Rusk had waived[4] the issues presented to the District Court in his motion to reopen by failing to raise those issues in the appellate brief he filed in this Court; that he had limited his appellate brief to issues that were barred from review because they were not first raised in District Court; and that he had not otherwise presented any non-frivolous argument suggesting the District Court had erred.[5]

Thereafter, the District Court awarded to the plaintiffs-appellees attorney's fees and costs relating to Rusk's unsuccessful appeal totaling $18,098.61.[6] The defendants-appellants paid Rusk an additional $13,667.50 in connection with the appeal.[7]

---

[1] *See generally* Appellants' Br., *Gayle*, No. 21-1463 (Oct. 22, 2021), ECF No. 89.

[2] Motion, *Gayle*, No. 21-1463 (Nov. 3, 2021), ECF No. 104; Motion Order, *Gayle*, No. 21-1463 (Mar. 16, 2022), ECF. No. 151.

[3] Motion Order at 1-2, *Gayle*, No. 21-1463 (Mar. 16, 2022), ECF. No. 151.

[4] The *Gayle* panel and Rusk use the term "waive" rather than "forfeit," even though Rusk's failure to raise certain arguments is more accurately characterized as forfeiture. *See Puckett v. United States*, 556 U.S. 129, 138 (2009). We use "waiver" here for ease of discussion and for consistency with the *Gayle* panel's terminology.

[5] Motion Order at 2, *Gayle*, No. 21-1463 (Mar. 16, 2022), ECF. No. 151.

[6] *Gayle v. Harry's Nurses Registry, Inc.*, No. 07-cv-4672, 2023 WL 2815612 (E.D.N.Y. Feb. 10, 2023), *report and recommendation adopted*, 2023 WL 2446255 (E.D.N.Y. Mar. 10, 2023). The award was based on the fee provisions of the Fair Labor Standards Act and not the frivolousness of the appeal. Though the award does not bear on whether Rusk engaged in misconduct, it bears on whether the opposing parties were prejudiced by Rusk's misconduct. It also bears on prejudice to Rusk's own clients, who apparently paid those fees and costs. *See* Satisfaction of Judgment, *Gayle*, No. 07-cv-4672 (Sept. 1, 2023), ECF No. 313.

[7] Declaration in Response to Grievance Panel Order to Show Cause and Request That No Disciplinary Measures Be Imposed ("Response"), *In re Rusk*, 23-90006-am (2d Cir. Mar. 17, 2023).

## II.    Rusk's Request for Hearing and Oral Argument

Rusk timely responded to the order to show cause in the present proceeding and requested that, if his response does not result in dismissal of this disciplinary proceeding, he receive a hearing and oral argument. He does not suggest what type of hearing he has in mind or what arguments or facts he might present to the Court beyond the detailed 23-page response he has already provided. For the reasons set forth below, Rusk's request for oral argument is denied.

Federal Rule of Appellate Procedure 46(c) states that, before a court of appeals disciplines an attorney, it "must afford the attorney . . . , if requested, a hearing." But the opportunity to be heard does not mean a right to oral argument. For example, the Administrative Procedure Act's "hearing" requirement "does not necessarily embrace either the right to present evidence orally and to cross-examine opposing witnesses, or the right to present oral argument to the agency's decisionmaker."[8] And as we noted in *Greene v. WCI Holdings Corp.*, 136 F.3d 313 (2d Cir. 1998), "[e]very circuit to consider the issue has determined that the 'hearing' requirements of Rule 12 and Rule 56 [of the Federal Rules of Civil Procedure] do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court."[9]

We conclude that Rule 46(c) similarly does not afford a charged attorney the right to oral argument. This conclusion is supported by Federal Rule of Appellate Procedure 34(a)(2), which provides that

> Oral argument must be allowed in every case unless a panel of three judges who have examined the briefs and record unanimously agrees that oral argument is unnecessary for any of the following reasons:
>
> (A) the appeal is frivolous;
>
> (B) the dispositive issue or issues have been authoritatively decided; or
>
> (C) the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

---

[8] *United States v. Fla. E. Coast Ry. Co.*, 410 U.S. 224, 240 (1973).

[9] 136 F.3d at 316.

Because this matter is fully briefed and oral argument would not significantly aid our decisional process, we resolve this matter without it.[10]

## III. Response to Order to Show Cause

In his response to our order, Rusk makes three arguments:

1. His appeal was not frivolous.[11]

2. He did not waive the issues presented to the District Court by failing to address them in his appellate brief because those issues were "clearly stated" in his notice of appeal, his appellate brief "referenced" the District Court's order and the notice of appeal, and he was "not obligated to reiterate case law that is clearly stated in the referenced Notice of Appeal."[12]

3. The issues discussed in his appellate brief were appropriately raised because the District Court's order "opened the door" to discussion of those issues as part of Rusk's "rebuttal" to both the District Court's errors and this Court's failure to address those issues when they were raised in a prior appeal in this case.[13]

Rusk also raises the possibility that "uncomfortable issues of discrimination . . . may have been a factor" in the *Gayle* panel's referral of Rusk to the grievance panel and its dismissal of the appeal.[14] Rusk's assertion is based on the race and national origin of his non-corporate client and "the summary manner in which [the client's] valid claims have been consistently and conclusively rejected."[15]

---

[10] *Cf. Gadda v. Ashcroft*, 377 F.3d 934 n.* (9th Cir. 2004) (order disbarring an attorney without oral argument pursuant to Fed. R. App. P. 34(a)(2)).

[11] *See* Response at 9-14, 20-21.

[12] *Id.* at 14-15.

[13] *Id.* at 19-20.

[14] *Id.* at 20.

[15] *Id.*

Rusk's response does not mention the case law applied by the *Gayle* panel in its order dismissing his appeal as frivolous. Nor does it address the rules of practice governing the contents of an appellate brief.

## IV.    Discussion and Disposition

We address each of Rusk's three arguments in turn.

First, we will not entertain Rusk's argument that the *Gayle* panel incorrectly held that his appellate brief was frivolous. Panels are bound by prior panels' determinations, and Rusk has not presented any legitimate basis to depart from that rule.[16] To be sure, in some instances, a prior panel's frivolousness determination will overlap with a grievance panel's disciplinary determination. For example, in appropriate cases, we may find that an attorney's frivolous argument in an appeal was not so egregious that severe disciplinary measures are warranted. In this matter, however, we agree with the *Gayle* panel that Rusk presented frivolous arguments in his appellate brief. We further find that the record before this panel does not suggest any reasonable excuse for doing so.

Second, although Rusk argues in his response to our order to show cause that he did not waive the issues raised in his District Court motion to reopen, he does not discuss, or even mention, the case relied on by the *Gayle* panel in support of its waiver determination, *Norton v. Sam's Club*, 145 F.3d 114 (2d Cir. 1998). Nor does Rusk mention Federal Rule of Appellate Procedure 28, which provides that the appellant's brief "must contain . . . the argument," which in turn must contain

> (A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and

> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues).[17]

---

[16] *See In re Payne*, 707 F.3d 195, 205 (2d Cir. 2013) ("[A]s a general matter, when a disciplinary charge is based on a prior decision of another panel of this Court, neither the charged attorney . . . nor this panel is free to revisit the issues disposed of in that prior panel decision.").

[17] Fed. R. App. P. 28(a)(8).

Referencing Rule 28, we held in *Norton* that "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."[18]

*Norton* and other decisions of this Court make clear that a party may not incorporate an issue into its appellate brief by merely referencing some other document.[19] Rusk's argument—that he did not waive the issues presented to the District Court by failing to raise them in his appellate brief—does not rely on any authority, let alone distinguish *Norton* or other Second Circuit decisions standing for the same proposition.

Third, Rusk is mistaken that the issues actually presented in his appellate brief were not barred by waiver. "[T]hat an appellate court will not consider an issue raised for the first time on appeal" is a "well-established general rule."[20] As stated by the *Gayle* panel, the issues Rusk raised on appeal "were not first raised in the district court motion to reopen and [Rusk did not show] that their waiver should be excused."[21] And contrary to Rusk's argument, nothing in the District Court's decision "opened the door" to the issues raised in his appellate brief. Rusk did not raise anything even approximating those issues in his District Court motion to reopen and the District Court's decision did not decide, or even mention, those issues or suggest that the Court was aware that those issues lurked behind the motion to reopen. Indeed, Rusk's response in the present proceeding does not even address the "well-established" waiver rule applied by the *Gayle* panel, much less invoke any authority supporting his argument or present a reasonable explanation why the rule was satisfied or should not be enforced.[22]

---

[18] *Norton*, 145 F.3d at 117.

[19] *See Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 n.1 (2d Cir. 2013) (issues waived where appellants' brief referenced arguments made in a district court filing without elaborating on what those arguments were); *Frank v. United States*, 78 F.3d 815, 833 (2d Cir. 1996) (issue waived where party "referred to another document filed in the litigation [which contained the argument], stated the issue, and presented a short argument in his reply brief"), *vacated on other grounds*, 521 U.S. 1114 (1997).

[20] *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994).

[21] Motion Order at 2, *Gayle*, No. 21-1463 (Mar. 16, 2022), ECF. No. 151 (citing *Yong Qin Luo v. Mikel*, 625 F.3d 772, 778 (2d Cir. 2010)).

[22] We need not address all of the *Gayle* panel's reasons for holding that Rusk's appeal was frivolous because the waiver rules discussed above are an adequate basis for that holding.

Finally, we note that Rusk's suggestion that the *Gayle* panel may have had a discriminatory motive for dismissing the appeal, and for referring Rusk to this panel, was made without the slightest factual basis and therefore constitutes additional misconduct.[23]

Rusk does not offer any mitigating factors in his response, but the record suggests at least two. First, Rusk states that he has never been disciplined or sanctioned by any court or bar.[24] Second, his misconduct occurred in only one appeal.[25]

On the other hand, there are three aggravating factors. First, Rusk does not concede that he did anything inappropriate.[26] To the contrary, he insists that everything he did in the appeal was correct and that it was the *Gayle* panel that erred.[27] Second, Rusk is an attorney with substantial experience.[28] Third, Rusk's misconduct resulted in significant prejudice to his clients and others. His clients received appellate representation that was virtually worthless, despite paying significant sums of money both to Rusk—for undertaking the frivolous appeal—and to counsel for plaintiffs-appellees—for its costs

---

[23] *See In re Hayes*, 777 N.Y.S.2d 120, 121 (1st Dep't 2004) (imposing public censure where attorney "accused the court and its clerk of prejudice and racism, and made other insolent, disrespectful remarks"); *In re Dinhofer*, 690 N.Y.S.2d 245, 246 (1st Dep't 1999) (imposing suspension for calling a judge "corrupt" during telephone status conference).

[24] *See* ABA Standards for Imposing Lawyer Sanctions ("ABA Standards") § 9.32(a) (1986, amended 1992) (listing "absence of a prior disciplinary record" as a mitigating factor).

[25] *See In re DeMaio*, No. 23-90033, 2023 WL 4567990, at *5 (2d Cir. July 18, 2023) (summary order).

[26] The closest Rusk comes to acknowledging responsibility is the following passage of his response.

> [T]hough the statements made by [District] Judge Garaufis were perhaps ancillary and extraneous to the specific issue on appeal . . . the rebuttal to those extraneous issues that was stated in the brief on appeal, was entirely consistent with Declarants' ethical obligations to zealously defend his clients' legal interests. If the Second Circuit Court took offense with the presentation offered, that was not the intent and Declarant apologizes for any offense taken. No disrespect was intended.

Response at 18. This purported explanation for Rusk's raising of several new issues on appeal does not acknowledge that he did anything wrong. Accordingly, we do not regard it as mitigating.

[27] *See In re DeMaio*, 2023 WL 4567990, at *4 (attorney's failure to alter his behavior or acknowledge that any of it was inappropriate was an aggravating factor) (citing ABA Standards § 9.22(g) (listing "refusal to acknowledge wrongful nature of conduct" as an aggravating factor)).

[28] Rusk was admitted to the New York State bar in 1978. *See In re DeMell*, 589 F.3d 569, 573 (2d Cir. 2009) (attorney's "many years of experience is an aggravating factor") (citing ABA Standards § 9.22(i) (listing "substantial experience in the practice of law" as an aggravating factor)).

incurred in defending the frivolous appeal.[29] Additionally, Rusk "wasted the time of opposing counsel, Court employees, and judges; [he] delayed the processing of other litigants' cases; and [he] caused unnecessary expense to the public."[30]

Upon due consideration, it is hereby **ORDERED** that Rusk is **PUBLICLY REPRIMANDED** for his misconduct in this Court. Particularly concerning to this panel is Rusk's failure to acknowledge his errors and his failure to respond to our order to show cause with any discussion of the case law applied by the *Gayle* panel, the many other published decisions refuting Rusk's position, or the requirements of Rule 28. Additionally, his unsupported charge of discrimination is utterly reckless. Rusk is advised that similar misconduct in the future likely will result in more than a mere reprimand.

Additionally, since it remains unclear whether Rusk understands his obligations when presenting arguments to this Court, it is further **ORDERED** that Rusk: (a) attend, within six months of the filing date of this order, continuing legal education ("CLE") programs on both federal appellate practice and appellate brief writing and (b) certify his completion of the required CLE programs by sworn statement filed under this docket number within seven days after the end of the six-month period.[31]

Finally, it is **ORDERED** that Rusk provide a copy of this order to his clients in *Gayle* and, within fourteen days after the filing date of this order, confirm his clients' receipt of the order by sworn statement filed under this docket number.

---

[29] *See In re Tustaniwsky,* 758 F.3d 179, 184 (2d Cir. 2014) (attorney's "failure to properly set forth his arguments for why the Court should grant relief . . . was a serious disservice to his clients, whose claims for relief were not even considered by the Court due to [the attorney's] failure to properly present them").

[30] *In re Gordon*, 780 F.3d 156, 159 (2d Cir. 2015).

[31] Counsel to this panel is authorized to decide any requests for an extension of time to complete the CLE requirements and any requests for substitution of the CLE subject matters. Any dissatisfaction with counsel's decisions will be resolved by this panel.

The Clerk of Court is directed to release this decision to the public by posting it on this Court's website and providing copies to the public in the same manner as all other unpublished decisions of this Court, and to serve a copy on Rusk, the disciplinary committee for the New York State Appellate Division, Fourth Department, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[32]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[32] Counsel to this panel is authorized to provide to other courts and attorney disciplinary authorities, upon their request, any other documents from the record of this proceeding. While we request that such documents remain confidential to the extent circumstances allow, we leave to the discretion of those courts and disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.