Per Curiam.

Without more, isolated instances of disrespect for the law, Judges and courts expressed by vulgar and insulting words or other incivility, uttered, written, or committed outside the precincts of a court are not subject to professional discipline (cf. Code of Professional Responsibility, EC 8-6; cf., generally, Ann., Attorneys — Criticizing Court, 12 ALR 3d 1408). Nor is the matter substantially altered if there is hyperbole expressed in the impoverished vocabulary of the street. On *560 this view, no constitutional issue of privileged expression is involved in the conduct ascribed to appellant.
Perhaps persistent or general courses of conduct, even if parading as criticism, which are degrading to the law, the Bar, and the courts, and are irrelevant or grossly excessive, would present a different issue. No such issue is presented now.
As for the self-laudatory content of the magazine article to which appellant contributed, the petition charged misconduct but the Appellate Division did not ground its action on that allegation.
Since appellant’s out-of-court conduct was not censurable, it would not be appropriate to characterize further that conduct on the score of taste, civility, morality, or ethics.
Accordingly, the order of the Appellate Division should be reversed and the petition dismissed.