[597 NYS2d 370]

In the Matter of A. RICHARD GOLUB, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 13, 1993

### APPEARANCES OF COUNSEL

*Hal R. Lieberman* for petitioner.

*Judith Bader-York* of counsel *(Brenner & York,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent A. Richard Golub was admitted to the practice of law as an attorney and counselor-at-law in the State of New

York by the Appellate Division of the Supreme Court, First Judicial Department, on February 14, 1972. At all times relevant herein, he maintained an office for the practice of law within the First Judicial Department.

Respondent was served with a notice and statement of charges on or about August 16, 1991 and an amended statement on or about September 17, 1991, asserting that he had violated Code of Professional Responsibility DR 1-102 (A) (5) and (6) and DR 7-106 (C) (6) by making reckless statements to the press concerning Justice Jacqueline Silbermann, which were unprofessional, undignified, discourteous and degrading to the Judge and the court. In his answer, respondent admitted both the factual allegations against him and that he had contravened the disciplinary rules specified in the amended charges.

The Hearing Panel which convened in connection with this matter heard character testimony from several Supreme Court Justices, and letters were submitted from the Honorable Jacqueline W. Silbermann and five other individuals who attested to his character and integrity. Justice Silbermann, it should be noted, states that except for respondent's out-of-court comments "which I considered to be foolish and ill-considered but not malevolent, Mr. Golub was respectful and courteous to the Court." Moreover, the Judge advised petitioner Departmental Disciplinary Committee that she was satisfied with respondent's apology, and the matter was closed as far as she was concerned. The comments in question had been made by respondent during an intemperate outburst to the press following the court's decision against his client in the highly publicized case of *Jennings v Hurt.*

In consideration of respondent's cooperation with the Committee and his admission of the charges, respondent's attorney and petitioner's chief counsel entered into a stipulation whereby it was agreed that a sanction of public censure would be sought. While neither the Hearing Panel nor this Court is bound by the parties' stipulation, a public censure does appear to be the appropriate sanction *(Matter of Justices of Appellate Div. v Erdmann,* 33 NY2d 559; *Matter of Markewich,* 192 App Div 243). In that regard, it is significant that respondent has expressed remorse for his misconduct, cooperated fully with the proceedings against him and has a previously unblemished disciplinary record. In addition, he personally apologized to Justice Silbermann.

Accordingly, petitioner's application is granted to the extent of confirming the findings of fact and conclusions of law of the Hearing Panel, and respondent is hereby publicly censured.

SULLIVAN, J. P., MILONAS, ROSENBERGER, ROSS and ASCH, JJ., concur.

Cross motion denied, the petition granted and the Hearing Panel's report and recommendation confirmed, and respondent is publicly censured.