[690 NYS2d 245]

In the Matter of PHILIP J. DINHOFER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 20, 1999

### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Richard Godosky* of counsel (*Godosky & Gentile, P. C.*), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Philip J. Dinhofer, was admitted to practice as

an attorney in the State of New York on June 22, 1983 by the Appellate Division, Second Department. He is also admitted to practice before the United States District Court, Southern District of New York. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves pursuant to 22 NYCRR 603.3 for an order publicly censuring respondent predicated upon similar discipline issued by the United States District Court, Southern District of New York, or, in the alternative, sanctioning respondent as this Court deems appropriate.

By an order dated November 2, 1998, the Southern District publicly censured respondent for calling a Judge "corrupt" during a telephone status conference in which respondent appeared on behalf of his client. The Committee on Grievances for the Southern District had charged respondent with violating Code of Professional Responsibility DR 1-102 (A) (5) and (8) and DR 7-106 (C) (6) (22 NYCRR 1200.3, 1200.37), based upon statements he made during a telephone conference with the Hon. Loretta Preska on April 7, 1997. Respondent admitted to the violations of the Code in his answer to the complaint. On April 23, 1998, a hearing was held before a Panel solely on the issue of the appropriate sanction. The Panel's report recommended public censure and further recommended that respondent be required to withdraw as counsel for plaintiff, notwithstanding the fact that he had apologized to Judge Preska. Subsequently, the report was adopted by the Federal court, and resulted in the aforementioned order.

Respondent has no defense under 22 NYCRR 603.3 (c). In answering the instant petition, respondent admits to the misconduct, does not assert any defenses, and joins in the Committee's request that he be publicly censured.

Notwithstanding respondent's admissions, we find that a three-month suspension is an appropriate sanction. The record reflects that comments made by respondent were derogatory, undignified and inexcusable. The transcript of the conversation indicates that respondent made the following statements, among others to the court:

a. "This is rampant corruption. I don't know what else to say. This is a sham."

b. "This is blatantly corrupt. You are sticking it to me every way you can."

c. "I'm not rude to them [a reference to the court's staff], I'm rude to you, because I think you deserve it. You are corrupt and you stink. That's my honest opinion, and I will tell you to your face."

While respondent has no other disciplinary record, such conduct adversely impinges upon respondent's fitness to practice law and requires more than public censure.

Accordingly, the Committee's petition for reciprocal discipline should be granted to the extent of suspending respondent from the practice of law for a period of three months.

ELLERIN, P. J., SULLIVAN, WILLIAMS, LERNER and SAXE, JJ., concur.

Petition granted to the extent of suspending respondent from the practice of law in the State of New York for a period of three months, effective June 21, 1999.