[777 NYS2d 120]

In the Matter of FREDERICK C. HAYES, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 25, 2004

### APPEARANCES OF COUNSEL

*Thomas J. Cahill* (*Stephen P. McGoldrick* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Frederick C. Hayes was admitted to the practice of law in the State of New York by the First Judicial Department on June 18, 1962. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On or about July 22, 2002, the Departmental Disciplinary Committee (Committee) served respondent with a notice and statement of charges alleging that he engaged in conduct prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3) and in undignified or discourteous conduct before a tribunal in violation of DR 7-106 (c) (6) (22 NYCRR 1200.37), for his disrespectful behavior before a Housing Court Judge.

A referee's hearing was held on January 21, 2003, at which time the Committee staff presented the transcript of respondent's colloquy with the Civil Court Judge during a nonpayment commercial landlord-tenant proceeding. After receiving an unfavorable ruling, respondent accused the court and its clerk of prejudice and racism, and made other insolent, disrespectful remarks. The Judge appeared at the hearing and testified as to the accuracy of the transcript. Respondent also appeared at the hearing, pro se. He did not call any witnesses or introduce any evidence, but he testified that the transcript did not reflect the Judge's tone of voice and the behavior of the court clerk.

Based upon this admitted misconduct, the Referee found that respondent violated both DR 1-102 (a) (5) and DR 7-106 (c) (6).

In aggravation, the Referee considered two prior letters of admonition issued to respondent. Respondent was admonished first for neglecting client matters and later for engaging in discourteous and undignified conduct similar to that which took place herein. In considering an appropriate sanction, the Referee also took into consideration the fact that a suspension would effectively end respondent's career, given that he was 73 years old, had been a single practitioner since 1965, and frequently represented clients with limited means. The Referee adopted the Committee's suggestion of imposing a public censure with an express admonition that any future misconduct would result in suspension.

The Hearing Panel recommended confirming the Referee's report and imposing a public censure with a strong warning that any future infractions would result in suspension. The Committee now seeks an order confirming the findings of fact and conclusions of law of the Referee and the Hearing Panel,

and imposing public censure as a sanction (*see Matter of Din-hofer*, 257 AD2d 326 [1999] [public discipline imposed where attorney makes unfounded personal attack on member of the judiciary]; *Matter of Golub*, 190 AD2d 110 [1993] [same]; *Matter of Kavanagh*, 189 AD2d 521 [1993] [public censure for insulting remarks made about opposing counsel]).

We confirm the Referee and the Hearing Panel's findings of fact and conclusions of law in their entirety, and impose the sanction of a public censure. We are mindful of the Committee's observation of the facts that respondent has had two prior admonitions, one for misconduct which is very similar to that which occurred here, and that such discipline did not deter the instant misconduct.

Accordingly, the Committee's motion for an order confirming the Referee and Hearing Panel's findings of fact and conclusions of law should be granted and respondent should be publicly censured.

MAZZARELLI, J.P., SAXE, FRIEDMAN, MARLOW and GONZALEZ, JJ., concur.

Respondent publicly censured.