**Anthony J. ROSS, Plaintiff–Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Liberty Life Insurance Co. of Boston, Liberty Mutual Group, Inc., Jeffery Jones, Jill Paszczuck, Defendants–Appellees.**

No. 05–4138.

United States Court of Appeals, Second Circuit.

March 3, 2006.

Anthony J. Ross, North Port, FL, for Appellant, pro se.

Tasos C. Paindiris, Jackson Lewis, LLP, Hartford, CT, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, and Hon. TIMOTHY C. STANCEU, Judge, U.S. Court of International Trade.*

### SUMMARY ORDER

Anthony J. Ross, *pro se,* appeals from a district court judgment denying his motion to remand to state court and dismissing his complaint. We review de novo a district court's denial of a motion to remand to state court. *See Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 201 (2d Cir. 2001). Any state cause of action that "duplicates, supplements, or supplants" the civil enforcement remedies of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), is completely preempted by Congress and, therefore, removable without regard to the wording of the complaint. *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (citing *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65–66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)).

The district court correctly concluded that the long term disability benefits derived from the plaintiff's confidential settlement agreement with his employer constitute a regulated plan under ERISA. *See* 29 U.S.C. § 1002(1); *see also* 29 C.F.R. § 2510.3–1. The settlement agreement expressly provided that the plaintiff's benefits would be controlled by the ERISA-regulated plan in which the plaintiff originally had participated. Furthermore, all of Ross's claims are based on the defendants' actions in handling his claim for benefits. Ross's claims essentially are challenges to defendants' administration of the ERISA-regulated plan and do not merely use ERISA as a contextual backdrop for a "garden variety" tort. *See Geller v. County Line Auto Sales, Inc.,* 86 F.3d 18, 22–23 (2d Cir.1996). ERISA therefore preempts Ross's state law claims, and because ERISA does not provide for the relief sought, the district court properly dismissed the complaint. *See* 29 U.S.C. § 1132 (listing the authorized remedies under ERISA).

We note, finally, that because of the snowstorm in New York shortly before this case was to be argued, Mr. Ross was unable to fly from Florida to conduct oral argument in this appeal. As a result, the defendants submitted without argument, and we treated Mr. Ross as submitting too. Mr. Ross asked for a lengthy postponement of argument, but it is against our practice to do so under these and similar circumstances. Litigants before us have no right to oral argument, and appeals are commonly decided without it. *See* 2d Cir. R. 34(c) and (d).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

---

* The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.