OPINION OF THE COURT
Per Curiam.
Respondent Allen H. Isaac was admitted to the practice of law in the State of New York by the First Judicial Department on February 19, 1958, under the name Allen Harold Isaac. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
An investigation commenced into this matter upon a complaint from a former client, “L.E.,” filed with the Departmental Disciplinary Committee on November 25, 2005. Some of the alleged misconduct was secretly recorded by the client during telephone conversations and a meeting in respondent’s office. The client provided the Committee with recordings of two telephone conversations and a meeting that took place in respondent’s office in October 2005 which were admitted into evidence at the disciplinary hearing.
The Committee charged respondent with acts of professional misconduct including making unwelcome sexual advances to L.E. in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), asking L.E. for oral sex incident to his representation as trial counsel in violation of DR 5-111 (b) (22 NYCRR 1200.29-a), boasting to L.E. that he is able to influence improperly Appellate Division judges in violation of DR 9-101 (c) (22 NYCRR 1200.45 [c]), calling one of the First Department judges a “prick” in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and making suggestive comments to his secretary and inappropriately touching her in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).
Respondent submitted an answer to the charges in which he made some admissions but otherwise denied the charges. At the lengthy hearing before the Referee, L.E.’s direct examination was completed but her cross-examination was interrupted at her request and an extended adjournment granted, based upon proffered health reasons. When L.E. failed to return for the balance of her cross-examination, at the request of the Committee, this Court issued a subpoena which was served upon L.E. but *50 she did not comply and did not appear.[1] Thereafter, the Referee granted respondent’s motion to strike L.E.’s testimony from the record but ruled that the recording of the October 2005 meeting, the two telephone conversation recordings, and the transcripts of those recordings would not be stricken because they had been identified by respondent.
Based upon the preponderance of the evidence and admissions made by respondent, the Referee sustained the charges relating to unwelcome sexual advances and sexual misconduct involving L.E., as well as the charges involving inappropriate comments about this Court, and dismissed the other charges as unsustained. The Referee recommended a two-year suspension for the violations concerning respondent’s inappropriate sexual behavior and public censure for the comments made about the judiciaiy. The Hearing Panel affirmed the Referee’s decision relating to respondent’s inappropriate sexual conduct but reversed the Referee’s findings of liability regarding the offensive comments about the judiciary, concluding that they did not constitute violations of the disciplinary rules as they were made in private. The Panel recommended a five-year suspension.
The Committee petitions to disaffirm the Hearing Panel’s conclusions of law and, instead, asks this Court to sustain all charges as found by the Referee and to disbar respondent.[2] Respondent cross-moves to modify both the reports of the Referee and Hearing Panel so that only one charge relating to sexual misconduct and one charge relating to his boasting that he could influence the judiciary be sustained, and for a public censure. He acknowledges that his conduct was inappropriate and regrettable, but explains that at the time, he believed that the touching was consensual and not uninvited given his previous *51 flirtatious and personal discussions with L.E., and that they had a special relationship separate from the attorney-client relationship. Respondent contends that L.E. recorded additional conversations and “cherry-picked” only a small fraction of the many conversations that they shared in order to falsely portray respondent as someone who sexually assaulted and intimidated her. Respondent also apologizes for his disrespectful comments about this Court.
In mitigation, the approximately 76-year-old respondent lists his professional and public activities, the awards he has received, his character witnesses attesting to his honesty and his unblemished 50-year legal career. He urges that his conduct was isolated and aberrational and not part of a pattern, that he does not pose a threat to the public and that there is no likelihood he will act improperly in the future. He maintains that a public censure is the fair and appropriate sanction.
Upon a review of the record, we confirm the findings of fact of both the Referee and the Hearing Panel which relate to respondent’s sexual misconduct and the charges pertaining to comments concerning this Court; disaffirm the Referee’s conclusions of law and confirm the Panel’s conclusions of law with respect to those latter charges, and suspend respondent from the practice of law for six months.
Initially, we agree with the Panel that respondent’s comments about this Court and his ability to influence the Court, made in a private conversation, are not subject to professional discipline as they were uttered “outside the precincts of a court” (Matter of Appellate Div., First Dept, v Erdmann, 33 NY2d 559, 559 [1973]; compare Matter of Hayes, 7 AD3d 108 [2004] [public censure for accusing court and clerk of prejudice and racism during court colloquy, and making other disrespectful comments]; Matter of Dinhofer, 257 AD2d 326 [1999] [three-month suspension for calling a judge “corrupt” during a telephone status conference]; Matter of Golub, 190 AD2d 110 [1993] [public censure for making undignified and degrading comments about a New York County Supreme Court Justice to the press]).
Regarding respondent’s sexual misconduct, we do not believe that disbarment is warranted here. Disbarment has been imposed for conduct far more egregious than the very troubling conduct at issue here (see Matter of Singer, 290 AD2d 197 [2002] [aggravated sexual battery of a child and similar conduct with other children]; Matter of Romano, 246 AD2d 152 [1998] [attorney directed three female clients to disrobe and touched them *52 in intimate places]). However, we reject respondent’s position that a public censure is appropriate. His testimony at the hearing, and his arguments here, reveal a disturbing lack of comprehension as to the depth and extent of his misconduct.
In disciplinary proceedings involving sexual misconduct, two-year suspensions have been imposed where the attorneys had sexual relations with their clients (see Matter of Weinstock, 241 AD2d 1 [1998]; Matter of Lieber, 205 AD2d 47 [1994]; Matter of Rudnick, 177 AD2d 121 [1992]; Matter of Bowen, 150 AD2d 905 [1989], lv denied 74 NY2d 610 [1989]). Shorter periods of suspension are appropriate where an attorney has made sexually oriented or offensive comments (see. Matter of Kahn, 16 AD3d 7 [2005] [six-month suspension]; Matter of Feinman, 225 AD2d 200 [1996] [six-month suspension]; Matter of Gilbert, 194 AD2d 262 [1993] [one-year suspension]).
Considering respondent’s age and his long and unblemished record practicing law (see e.g. Matter of Lubell, 285 AD2d 267 [2001]; Matter of Einhorn, 88 AD2d 95 [1982] [where the attorney’s age was considered in determining the appropriate sanction]), respondent is suspended for a six-month period.
Accordingly, the Hearing Panel’s findings of fact and conclusions of law should be confirmed, the sanction disaffirmed, and respondent suspended from the practice of law for a period of six months. Respondent’s cross motion should be denied, except insofar as it seeks to confirm the Referee’s report and Hearing Panel’s determination sustaining charge five.
Friedman, J.E, Catterson, DeGrasse, Abdus-Salaam and. Román, JJ., concur.
Respondent suspended from the practice of law in the State of New York for a period of six months effective July 1, 2010 and until further order of this Court. Cross motion denied.

. This Court notes that following the October 2005 meeting with respondent, L.E. filed a complaint with the New York District Attorney’s Office but it declined to prosecute. In July 2006, she commenced a lawsuit against respondent, his former law firm and law partner, and respondent’s son and his law firm alleging, inter alia, that respondent sexually and verbally assaulted her. That lawsuit was dismissed against respondent and the order of dismissal was affirmed by this Court (68 AD3d 483 [2009]). In addition, she filed a federal lawsuit against, among others, respondent, the Committee Referee, the Committee, the Manhattan District Attorney’s Office, the City of New York, and the Office of Court Administration, alleging conspiracy and civil rights violations. That lawsuit was dismissed by the Honorable Shira A Scheindlin and affirmed by the Second Circuit (Esposito v New York, 355 Fed Appx 511 [2d Cir 2009]).

. The Committee does not seek to disaffirm the dismissal of the three unsustained charges as found by both the Referee and Hearing Panel.