Matter of Parker (2024 NY Slip Op 03867)

Matter of Parker

2024 NY Slip Op 03867

Decided on July 18, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 18, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber,J.P.,
Cynthia S. Kern
Manuel J. Mendez
Julio Rodriguez III
Marsha D. Michael, JJ.

Motion No. 2024-01933 Case No. 2024-02560 

[*1]In the Matter of Christopher Parker, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Christopher Parker (Admitted as Christopher D'Andre Parker), (OCA Atty. Reg. No. 4172680), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Christopher Parker, was admitted, as Christopher D'Andre Parker, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 9, 2003.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Christopher Parker was admitted to the practice of law in the State of New York by the First Judicial Department on October 9, 2003, under the name Christopher D'Andre Parker. At all times relevant to this proceeding, respondent's registered business address was in the State of Connecticut. This Court retains continuing jurisdiction over respondent as the Judicial Department in which he was admitted to practice (Rule for Atty Disciplinary Matters 22 NYCRR § 1240.07[a][2]).
On April 24, 2018, a hearing was held in a criminal case in the State of Connecticut in which respondent's daughter was one of two victims of domestic violence. Respondent's daughter attended the hearing, but respondent did not.[FN1] At the hearing, the prosecutor informed the court that respondent was representing his daughter and that the daughter wished to be heard to request an increase in the protective order against the defendant. The prosecutor stated that the State agreed with the recommendation that the defendant receive diversion and that it would enter a nolle prosequi if the defendant successfully completed diversion. The Judge denied the daughter's request to be heard and adjourned the matter to August 21,2018, for the defendant to complete the diversion program.
On May 17, 2018, respondent wrote a letter to the Judge stating that he was "upset and disappointed with the treatment [his] daughter received" as a victim in the criminal case. He stated that his daughter "missed her classes as a [university] student to appear at the sentencing of [the defendant] and sat there all day to be told by the court that she wasn't going to be heard, which was her right as a victim in this case." On August 2, 2018, respondent filed a complaint against the Judge with the State of Connecticut Judicial Review Council (JRC). The complaint stated: "[The Judge] refused to allow my daughter . . . and her girlfriend . . . to speak at the sentencing of [the defendant]." Respondent further stated that it was his daughter's right to address the court at sentencing and stated that the Judge had refused to allow either woman to speak. On October 17, 2018, the JRC dismissed respondent's complaint.
On May 31, 2019, the Judge filed a complaint against respondent with Connecticut's Statewide Grievance Committee (SGC) alleging that respondent had made a materially false complaint against him. The Judge stated that respondent's [*2]daughter had asked to address the court on the matter of modifying a protective order, and the request was denied. The Judge noted that the matter was then simply continued for the defendant to comply with the required diversion. The complaint alleged, that despite having the transcripts of the proceeding and being aware that no disposition had taken place, respondent filed a complaint stating that defendant had been sentenced and that the Judge had violated his daughter's constitutional rights by refusing to allow her to be heard before defendant's sentencing. [FN2]
By letter dated June 21, 2019, respondent answered the Judge's grievance stating that the Judge's complaint is "ridiculous and obviously retaliatory." The letter also referred to the Judge in a disparaging manner and called him a "Judge" with quotation marks around the title.
By letter dated July 3, 2019, the Judge replied stating that respondent knew or should have known that this was not a sentencing proceeding or a Family Violence Program application and that no one had the power to object to a prosecutor's decision to nolle charges. The Judge further stated that since respondent, a criminal defense attorney, had to be aware that this was not a sentencing proceeding, and that his daughter therefore did not have the right to make a statement, his claim was materially false.
By letter dated July 27, 2019, respondent continued to disparage the Judge. Respondent's letter stated that the Judge failed to take responsibility for his failures and that "this 'Judge' is such a narcissist that he's more worried about retaliating against me than doing his job to ensure that victim's rights are upheld."
By letter dated October 3, 2019, the State of Connecticut Judicial Branch's Grievance Panel for New Britain, Hartford, and the Towns of Avon, Bloomfield, Canton, Farmington, and West Hartford found probable cause to conclude that respondent violated Connecticut Rule of Professional Responsibility (RPC) 8.4(3):
"By engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in so far as, at the time the respondent filed his complaint, the respondent was aware that [his] original claim, that the court proceeded to sentencing and that the court refused to allow the victims to be heard at sentencing, did not occur."
On March 6, 2020, Connecticut's Office of Chief Disciplinary Counsel (OCDC) brought additional allegations of misconduct against respondent. These included a violation of RPC rule 8.2(a) ("A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge"). The OCDC noted nine such violations, including that respondent should have known that the April 24, 2018, proceeding was not a sentencing and referred to the Judge disparagingly in his multiple letters. The OCDC also alleged violations of RPC 3.3 and 8.4(3) ("It is professional misconduct for a lawyer [*3]to engage in conduct involving dishonesty, fraud, deceit or misrepresentation") and violations of RPC 8.4(4) ("It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice").
By counsel's affirmation dated March 20, 2020, respondent answered the OCDC's allegations. He admitted that he referred to the hearing as a sentencing but denied that he knew the statement was false when he made it.
On October 13, 2021, the Reviewing Committee conducted a hearing on respondent's violations of Connecticut RPC rules 3.3, 8.2(a), 8.4(3) and 8.4(4).[FN3] Respondent alleged that while he had read the transcript of the proceeding he "didn't read it carefully"; disputed that his daughter had sought to make a statement regarding the protective order; admitted that his daughter had no right to be heard at the April 24, 2018 hearing and that he should not have used the word "sentencing" but said that he was not trying to mislead the JRC; testified that he characterized the Judge's complaint as "ridiculous and obviously retaliatory" because he had contacted the Judge before filing his grievance to find out what happened and had written a letter but had never gotten a response [FN4] which upset him; and he placed quotation marks around the word "Judge" because he was upset; and referred to the judge as a "narcissist" because the Judge had filed a grievance instead of answering his queries about his daughter's case.
At the conclusion of the hearing the OCDC attorney argued for suspending respondent because he made misstatements in his JRC complaint, disparaged the Judge, and showed little to no remorse. Respondent's counsel argued that he had no disciplinary history and although respondent deserved some criticism for taking his frustration out on the Judge he should not be suspended.
On January 21, 2022, the Committee found that respondent's misrepresentation of the April 24, 2018, hearing as a sentencing proceeding violated Connecticut RPC 3.3(a)(1) and 8.4(3). Furthermore, the Committee found respondent's disparaging statements of the Judge and placing the word judge in quotes violated Connecticut RPC 8.2(a), and all the statements violated Connecticut RPC 8.4(4). As a result, the Committee reprimanded respondent for his misconduct.
By notice dated April 16, 2024, petitioner Attorney Grievance Committee (AGC) now moves, under Judiciary Law § 90(2) and 22 NYCRR 1240.13 and the doctrine of reciprocal discipline, to discipline respondent, based on the reprimand issued by the OCDC, by suspending him for a period of two months, or, in the alternative, sanction him as the Court deems just and proper. The AGC alleges that respondent's dishonorable conduct before a tribunal and misrepresentation also constitute misconduct in New York in violation of rules 3.3(f)(2) ("In appearing as a lawyer before a tribunal, a lawyer shall not, engage in undignified or discourteous conduct"), 3.3(a)(1) ("A lawyer shall not knowingly make a [*4]false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer") 8.4(d) ("A lawyer or law firm shall not engage in conduct that is prejudicial to the administration of justice") and 8.4(h) ("A lawyer or law firm shall not engage in any other conduct that adversely reflects on the lawyers fitness as a lawyer") of the Rules of Professional Conduct (22 NYCRR 1200.0). The AGC argues that this matter straddles the line in the First Department between a censure and a short suspension but argues that a two-month suspension would be appropriate.
Respondent did not oppose or otherwise appear in this proceeding.
In determining an appropriate sanction this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges where initially brought, unless the facts are so egregious that this Court should depart from its general rule (see Matter of Geller, 218 AD3d 55, 58 [1st Dept 2023]; Matter of Berman, 162 AD3d 21, 23-24 [1st Dept 2018]). Although the OCDC sought suspension, the Reviewing Committee sought fit only to impose a reprimand. While respondent was not remorseful, it seems respondent's initial complaint was based on anger or carelessness more than malice, and his comments regarding the Judge were products of overwhelming emotion from a father angered that his daughter was the victim of a crime. Furthermore, although respondent used disparaging language when referring to the Judge, he did not impugn the Judge as corrupt or suggest that he acted in his own self-interest (cf. Matter of Dinhofer, 257 AD2d 326 [1st Dept 1999]).
Respondent is an attorney with no prior disciplinary record, whose comments do not appear to be made with malice but appear to be the product of his emotions. His misconduct does not rise to a level warranting suspension (see Matter of Denenberg, 192 AD3d 76 [1st Dept 2020]; Matter of Dinhofer, 257 AD2d at 327-328). The originating jurisdiction sanctioned respondent by imposing a reprimand, and the facts are not so egregious that we should depart from our general rule. Therefore, we find that public censure is the appropriate sanction (Matter of Freifeld, 210 AD3d 39 [1st Dept 2022]; Matter of Schorr, 166 AD3d 115 [1st Dept 2018]; Matter of Delio, 290, AD2d 61 [1st Dept 2001]).
Accordingly, the AGC's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13 should be granted to the extent of imposing public censure as a sanction, in accordance with the reprimand issued by the Connecticut Office of Chief Disciplinary Counsel on January 21, 2022.
All concur.
Wherefore, it is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Connecticut Office of Chief Disciplinary Counsel, is granted, and
It is further ordered that respondent Christopher Parker, admitted [*5]as Christopher D'Andre Parker, is publicly censured for the underlying misconduct.
Entered: July 18, 2024

Footnotes

Footnote 1: Respondent was the attorney of record for his daughter, but he did not appear at any of the proceedings.

Footnote 2: Respondent attached a copy of the transcript of the April 24, 2018, proceedings to the May 17, 2018, letter he wrote to the judge.

Footnote 3: Respondent appeared represented by counsel and testified.

Footnote 4: Respondent stated he called the Judge's chambers and left messages in an effort to speak to the Judge about the matter before filing the grievance.