Matter of Melogy (2024 NY Slip Op 05541)

Matter of Melogy

2024 NY Slip Op 05541

Decided on November 12, 2024

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 12, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Sallie Manzanet-Daniels
Justice Presiding
Barbara R. Kapnick Lizbeth González Martin Shulman Kelly O'Neill Levy
Justices.

Motion No. 2024-01987 Case No. 2024-01928 

[*1]In the Matter of John Ryan Melogy an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, John Ryan Melogy (OCA Atty. Reg. No. 4831152), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, John Ryan Melogy, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 14, 2010.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Louis J. Bara, of counsel), for petitioner.
Rachel Aghassi, Esq., for respondent.

Per Curiam 

Respondent John Ryan Melogy was admitted to the practice of law in the State of New York by the First Judicial Department on June 14, 2010. At all times relevant to this proceeding, respondent maintained a law office within the First Department.
The parties stipulate that, between June 16, 2020, and July 27, 2021, respondent sent vulgar and harassing emails to members of the United States Merchant Marine Academy, which led the recipients to file a grievance against respondent. Between August 6 and 11, 2021, respondent sent harassing emails to members of the International Organization of Masters, Mates and Pilots (IOMMP) and National Labor Relations Board, which led to an IOMMP representative filing a criminal complaint against respondent in Maryland. On May 6, 2022, respondent sent several sexually explicit and profane emails to an attorney, who worked as an advisor to an administrative law judge, which led the recipient to file a grievance against respondent. On July 19, 2022, respondent sent two profane and harassing emails to the national president of the American Maritime Officers (AMO), and other AMO members, which led the recipients to file a grievance against respondent.
By petition of charges noticed March 15, 2024, petitioner Attorney Grievance Committee (AGC) alleged that respondent was guilty of professional misconduct because he sent harassing and profane emails to various attorneys and professionals in the maritime industry. The AGC and respondent now jointly move by notice dated April 18, 2024, under the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a)(5), for discipline by consent, and request the imposition of a public censure.
The parties stipulate that, in aggravation, "respondent's actions represented an extrajudicial attempt to seek a desired result when he was not otherwise satisfied with the outcome of a situation." They further stipulate that "respondent's emails consisted of repeated vulgar attacks stemming from his frustrations and struggles in seeking accountability within the maritime industry concerning alleged widespread sexual abuse and lack of protections for mariners."
Respondent conditionally admits in his affidavit to the stipulated facts' truth, which establish that he violated the Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h). The parties stipulate that, in mitigation, respondent has no prior disciplinary [*2]history, fully cooperated with the AGC's investigation, and is remorseful for his conduct. Respondent also was not representing any of his legal clients at the time he sent the email. Respondent has several mental health issues and is participating in a monitoring program sponsored by the New York City Bar Association's Lawyers Assistance Program. Respondent was also involved in "advocating for sexual assault victims in the maritime industry, contributing to significant reforms initiated by the [U.S.] Coast Guard and the [U.S.] Maritime Administration in handling allegations of maritime sexual abuse."
The parties agree that a public censure is appropriate in this matter because of respondent's profane and harassing emails to other attorneys and individuals in the maritime industry. They rely on Matter of Delio , (290 AD2d 61 [1st Dept 2001]), where an attorney was publicly censured for disregarding a court's order and publicly challenging the court's authority by talking back to and insulting a Bronx Housing Court judge on the record. The attorney in Delio expressed remorse and apologized to the judge, which rendered public censure to be an acceptable discipline. Similarly, respondent here accepted responsibility for his misconduct, apologized, and expressed genuine remorse. Therefore, public censure is an acceptable discipline for respondent's misconduct in this case. Respondent appears to have learned from this experience, and he is not likely to repeat his misconduct in the future.
Accordingly, the parties' joint motion for discipline by consent is granted, the AGC's petition of charges is denied as moot, and respondent is publicly censured.
All concur.
Wherefore, it is Ordered that the parties' joint motion for discipline by consent pursuant to the Rules for Attorney Disciplinary Matters 22 NYCRR § 1240.8(a)(5), is granted and respondent John Ryan Melogy is publicly censured.
Entered: November 12, 2024