Matter of Freifeld (2022 NY Slip Op 05596)

Matter of Freifeld

2022 NY Slip Op 05596

Decided on October 06, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Cynthia S. Kern
Angela M. Mazzarelli
Jeffrey K. Oing
Peter H. Moulton, JJ.

Motion No. 2022-02386 Case No. 2021-00695 

[*1]In the Matter of Andrew H. Freifeld, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Andrew H. Freifeld, (OCA Atty. Reg. Np. 2358471), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 16, 1990.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Deborah A. Scalise, Esq., for respondent.

Per Curiam 

Respondent Andrew H. Freifeld was admitted to the practice of law in New York by the First Judicial Department on July 16, 1990. He has maintained an office within the First Department at all times relevant to this proceeding.
In March 2021, the Attorney Grievance Committee (AGC) served respondent with a Second Amended Notice of Petition and Petition of Charges alleging that he engaged in undignified or discourteous conduct before a tribunal related to his divorce proceeding. A Referee was appointed to conduct a hearing on the charges. The parties now jointly move, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5), for discipline by consent and ask this Court to publicly censure respondent.
The parties stipulate to the following facts. In 2011, following 14 years of marriage, respondent's wife commenced divorce proceedings against him in Supreme Court, New York County. A financial trial was conducted before a Special Referee over the course of 33 days from November 2013 to November 2014. Respondent was represented by counsel. In December 2014, after the trial concluded but before the Special Referee issued her decision, respondent filed a complaint against the Special Referee with the New York State Commission on Judicial Conduct (CJC). By letter dated February 24, 2015, the CJC advised respondent that its "jurisdiction [did] not extend to special referees." Respondent avers that when he received the CJC's letter he inferred at that time that a Special Referee was unaccountable under the law for any misconduct. On June 9, 2015, the Special Referee issued her decision on distribution of the marital assets. On September 1, 2015, a judgment of divorce was entered accordingly. Thereafter, respondent claims that he fell into a state of extreme despair. He suffered a heart attack, which resulted in a five day hospitalization in 2016, and he experienced panic attacks, which required another five day hospitalization in 2017. Respondent claims that he had never been hospitalized before for these issues. In 2017, a trial on postjudgment issues in respondent's divorce was assigned to the same Special Referee. Proceeding pro se, respondent moved to have the Special Referee removed. Supreme Court denied the motion. Thereafter, the Special Referee tried the matter over four days in 2018 and issued her decision in April 2019.
Respondent admits that he engaged in undignified and discourteous conduct before a tribunal, and in conduct prejudicial to the administration of justice, in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3(f)(2) and 8.4(d) based on the following misconduct. In letters dated December 22, 2017, and January 29 and February 2, 2018 to the Hon. Deborah A. Kaplan, then-Administrative Judge of Supreme Court, New York County, Civil Term, respondent alleged judicial misconduct on the part [*2]of the Special Referee and stated, "I maintain that her Honor plays dirty pool." By another letter, dated March 14, 2018 to Justice Kaplan, respondent again claimed misconduct by the Special Referee, and stated, "[t]he hubris of the jurist in conducting herself so (right in front of my face even) standing alone is distressing. In light of my other letters, I submit: an alarm should be sounded, please." By letter dated January 17, 2019 to Chief Administrative Judge Lawrence K. Marks, respondent again alleged misconduct on the Special Referee's part, writing that the "Special Referee is corrupt and a liar; some judicial officers fix tickets; [this] Special Referee fixes matrimonial actions, where lots more is at stake, obviously." Respondent then alleged that the Special Referee fixed his divorce to suit his ex-wife's counsel. By follow-up letter dated January 28, 2019 to Judge Marks, respondent claimed that this "Special Referee is judicially unfit, a bully, who, in cahoots with [his wife and her counsel], leveraged her power under the law to degrade me repeatedly." By yet another letter, dated February 21, 2019 to Judge Marks, respondent also called the Special Referee "corrupt, a cheater and biased." Respondent sent copies of all three of these letters to all the Justices in the Supreme Court in New York County, Civil Term. Respondent also admits that he engaged in undignified and discourteous conduct when after he failed to timely appear for a scheduled hearing before the Special Referee he repeatedly accused her of interrupting him, and when asked to identify the Supreme Court Justice that purportedly caused him to be late he said he could not recall the Justice before whom he had just appeared.
Although the parties stipulated that there are no aggravating factors, they stipulated to a number of factors in mitigation. Respondent has practiced law for more than 30 years and has no prior discipline. He has been a member of this Court's 18-B Felony Panel since 2001 and a member of the Second Circuit's Criminal Justice Act (CJA) Panel since 2011. He has a reputation before the bench of Supreme Court, New York County, Criminal Term, and the Second Circuit as a zealous and effective advocate and as a reliable officer of the court. Respondent had no difficulty obtaining judicial references from the Justices of the Supreme Court when he applied to become a member of the federal CJA panel, nor in connection with his recertification for the CJA panel or this Court's 18-B felony panel. He "has appeared on behalf of thousands of clients in different jurisdictions." Although he has never been sanctioned by any court in any matter, respondent was sanctioned by the Special Referee for six instances of frivolous conduct in his divorce litigation. He has paid the $25,500 for these sanctions. Respondent was under a great deal of personal stress after the collapse of his nearly 14-year marriage and the resulting matrimonial litigation, which lasted from [*3]2011 through 2017 and which was extremely contentious. During that time period, respondent suffered a series of medical issues, requiring hospitalization. Notwithstanding these issues, he continued to work for his court appointed criminal clients, ensuring that their interests were protected.
Respondent recognizes that he should not have made the discourteous and undignified comments about the Special Referee and greatly regrets the comments that he made in his letters to the Justices. Respondent states that his lateness to the hearing before the Special Referee was due to the fact that he was representing a criminal defendant facing felony charges before Justice Ellen Biben. He has refrained from engaging in any similar behavior even though his matrimonial issues are ongoing. Also, respondent has cooperated with the AGC during its investigation of this matter and admitted his wrongdoing:
"I have had several years to review and reflect upon the conduct alleged by
the Committee. I am deeply sorry and embarrassed that I engaged in such
conduct. I should have known better and should have acted better . My
conduct in my personal matrimonial matter did not and does not reflect
the reverence I hold for the law, the courts, and the legal profession. I will
do my best to ensure that such conduct is not repeated. Simply stated, I
truly and deeply regret that my conduct will surely have adverse effects on
my reputation as a legal professional, as well as the reputation of the legal
profession as a whole."
The parties submit that a public censure is the appropriate sanction herein, citing among other cases, Matter of Schorr (166 AD3d 115 [1st Dept 2018]), where we imposed a public censure by consent for misconduct committed by an attorney in his own divorce litigation in which he proceeded pro se.
The record clearly establishes respondent's misconduct. In light of respondent's admission of his misconduct, his cooperation with the AGC, his stated remorse, and the mitigating factors, we accept the parties' agreed upon sanction of public censure (see Matter of Schorr, 166 AD3d at 115). Our acceptance of this consent discipline rather than rejecting it should not be viewed as tolerating disrespectful and discourteous behavior by a member of the Bar, no matter what the individual's personal circumstances are. To be clear, this behavior from a member of the Bar is not acceptable. This decision and Matter of Schorr should not be interpreted as sparing a member who admits to transgressions after the fact from the imposition of a more severe sanction, including suspension and disbarment.We remind the Bar that professionalism is paramount and must be maintained at all times. This ideal sets the members of the Bar apart from all others.
Accordingly, the parties' joint motion for discipline should be granted and respondent is publicly censured. The AGC's petition of charges is denied as moot.
All concur. IT IS ORDERED that the parties' joint motion pursuant to [*4]22 NYCRR 1240.8(a)(5) for discipline by consent is granted, and respondent Andrew H. Freifeld is hereby publicly censured for his misconduct, and IT IS FURTHER ORDERED that the Attorney Grievance Committee for the First Judicial Department's petition of charges is denied as moot.
Entered: October 6, 2022