Matter of Varghese (2025 NY Slip Op 01427)

Matter of Varghese

2025 NY Slip Op 01427

Decided on March 13, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 13, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Troy K. Webber Justice Presiding
Peter H. Moulton Ellen Gesmer Julio Rodriguez III Kelly O'Neill Levy
Justices.

Motion No. 2025-00345|Case No. 2024-05832|

[*1]In the Matter of Vinoo P. Varghese an Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Vinoo P. Varghese (OCA Atty Reg. 3960945), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Vinoo P. Varghese, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 23, 2001.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Louis J. Bara, of counsel), for petitioner
Daniel J. Ring, Esq., for respondent.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Vinoo P. Varghese, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 23, 2001.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Louis J. Bara, of counsel), for petitioner
Daniel J. Ring, Esq., for respondent.
Motion No. 2025-00345 — January 21, 2025
In the Matter of Vinoo P. Varghese, an attorney
Per Curiam
Respondent Vinoo P. Varghese was admitted to the practice of law in the State of New York by the Second Judicial Department on May 23, 2001. At all times relevant to this proceeding, he maintained a law office within the First Department.
By petition of charges noticed September 16, 2024, the Attorney Grievance Committee (AGC) alleged that respondent was guilty of professional misconduct for having "sent two emails to a judge's personal and work email address, one of which was ex parte, wherein he demanded the judge take certain actions in respondent's pending matrimonial matter and wherein he baselessly accused the judge of being a racist and used vulgar and otherwise disdainful language toward the judge."
AGC and respondent now jointly move under Rules for Attorney Disciplinary Matters 22 NYCRR § 1240.8(a)(5) for discipline by consent and request that this Court publicly censure respondent. The parties stipulate that on August 14, 2023, respondent, while representing himself pro se, inappropriately sent an ex parte email to the judge who was presiding over his matrimonial matter, insisting that the judge vacate certain orders before the judge recused himself from the matter. Respondent also stated therein that all respondent cared about was his "brown sons." At the time respondent sent this email, he had been informed by members of the judiciary that the judge would be recusing from his case. Respondent sent this email to the judge's personal email address, which he possessed because the judge had subscribed to respondent's firm newsletter and had friended respondent on Facebook after respondent had evaluated the judge's candidacy for Civil Court some years prior as part of a screening panel. The judge previously recused himself from respondent's case and then unrecused. After learning of the impending recusal, respondent felt the judge was taking too long and that critical educational decisions needed to be made for his children to be dealt with before a new judge. After the judge had formally recused, on August 21, 2023, respondent sent another inappropriate email to the judge's work email address, this time copying opposing counsel and various court staff, using discourteous language, accusing the judge of being racist and sexist and insinuating that the judge's rulings against him were the product of that racism and sexism.
Respondent acknowledges that sending the aforementioned emails [*2]was wrong and regrets having done so. He conditionally admits that his actions, as set forth above, establish that he violated the Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3(f)(2) and 3.5(a)(2).
AGC and respondent stipulate to the following factors in mitigation: that respondent has no disciplinary history, has fully cooperated with AGC's investigation from its inception, and is remorseful for his misconduct. They further agree that "None of the communications in question took place during the representation of a client. Rather, the emails were sent in the context of a highly charged matrimonial proceeding during which the presiding judge made [12] rulings that respondent perceived to be harmful to his children respondent's misconduct was triggered by a personal reason involving his family and his judgment was therefore clouded " Respondent submitted nine character letters from longtime friends, classmates, and former clients that demonstrate his good character.
In requesting a public censure, the parties cite, inter alia, Matter of Freifeld (210 AD3d 39 [1st Dept 2022]), wherein the Court approved the parties' joint motion for discipline by consent and imposed a public censure for misconduct committed in the attorney's own matrimonial proceeding. The Court found that the attorney, self-represented, was under significant stress following the breakdown of his marriage and the resulting litigation. The parties also rely on Matter of Schorr (166 AD3d 115 [1st Dept 2018]), in which the attorney also appeared pro se during a contentious matrimonial proceeding. There the attorney made an unauthorized recording of a court conference and when he became the subject of an investigation, accused the judge, the judge's law secretary, and a court officer of perjury, for which he later apologized. The Court approved a joint motion for discipline by consent and publicly censured the attorney. In Matter of Hayes (7 AD3d 108 [1st Dept 2004]), this Court issued a public censure to an attorney who made discourteous remarks to a tribunal though the attorney had a prior admonition for similar misconduct. In light of the relevant case law, respondent's admitted misconduct, and the mitigating factors presented, public censure is an acceptable sanction here.
Accordingly, the parties' joint motion for discipline by consent should be granted, AGC's petition of charges denied as moot, and respondent publicly censured.
All concur.
Wherefore, it is Ordered that the parties' joint motion for discipline by consent pursuant to the Rules for Attorney Disciplinary Matters 22 NYCRR § 1240.8(a)(5), is granted and respondent Vinoo P. Varghese is publicly censured.
Entered: March 13, 2025